**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

              v.

NESTOR SANDOVAL-SANDOVAL,
a.k.a. Hector Lopez,
              *Defendant-Appellant.*

No. 06-30370

D.C. No.
CR-05-00004-JDS

OPINION

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted May 10, 2007*
Portland, Oregon

Filed May 23, 2007

Before: Harry Pregerson, Pamela Ann Rymer, and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

L. Sanford Selvey II, Selvey Law Firm, LLC, Billings, Montana, for the defendant-appellant.

Michael S. Lahr, Assistant U.S. Attorney, Helena, Montana, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Defendant Nestor Sandoval-Sandoval stands convicted of one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a). He raises two issues in this timely appeal. First, he disputes the district court's order compelling a set of fingerprint exemplars. Second, he challenges the district court's reliance at sentencing on a California court "abstract of judgment" as evidence of the length of a prior sentence that he served in state prison.

Defendant was a passenger in a car stopped by police. At first, he gave a false name to the police and to the border

patrol agents who were called to the scene. He later corrected himself. Officials detained and fingerprinted him and learned that he had been deported from the United States previously. Defendant was charged with reentry of a deported alien.

**[1]** Before trial, Defendant moved to suppress the fingerprint evidence. The district court granted the government's cross-motion to compel a second set of fingerprint exemplars and then denied as moot Defendant's motion to suppress. We affirm that ruling. *See United States v. Ortiz-Hernandez*, 427 F.3d 567, 577 (9th Cir. 2005) (per curiam) (holding that the government may compel a defendant to provide fingerprint exemplars for identification purposes even though the police first learned the defendant's identity through an illegally obtained initial set of fingerprints), *cert. denied*, 127 S. Ct. 358 (2006). Nothing in our precedents or in those of the Supreme Court precludes the district court in this specific context from relying on a dispositive ground, while avoiding decision on an alternative ground.

At sentencing, the district court applied a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) in reliance on a factual finding that Defendant had been convicted earlier of "a drug trafficking offense for which the sentence imposed exceeded 13 months." The district court relied on an abstract of judgment issued by the California court of conviction to determine the length of Defendant's prior sentence.

**[2]** Defendant challenges this use of the abstract of judgment, asserting that our decision in *United States v. Navidad-Marcos*, 367 F.3d 903 (9th Cir. 2004), prohibits district courts from relying on abstracts of judgment. That broad proposition is incorrect. In *Navidad-Marcos*, we held that a district court may not rely on an abstract of judgment to determine the *nature* of a prior conviction for purposes of analysis under *Taylor v. United States*, 495 U.S. 575 (1990). We held that the documents contain insufficient information for that purpose. We did not hold, as Defendant contends, that abstracts of

judgment are categorically unreliable. Indeed, recently, we permitted reliance on an abstract of judgment, in combination with the charging document, for the purpose of determining whether a defendant had a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A). *United States v. Valle-Montalbo*, 474 F.3d 1197, 1201-02 (9th Cir. 2007).

**[3]** Here, as in *Valle-Montalbo*, the district court relied on the abstract of judgment to determine a discrete fact regarding Defendant's prior conviction, namely, the length of sentence imposed. *People v. Mitchell*, 26 P.3d 1040, 1042-43 (Cal. 2001). The document unequivocally contained the information needed. This was a permissible use of the abstract of judgment. Therefore, the sentence is not erroneous for the reason that Defendant argues.

AFFIRMED.