# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MICHAEL LEE SNELLENBERGER, aka
Michael Lee Cutter, Michael Lee
Davidson, Robert Eugene Frehly,
Cutter Snellenberger, "Cutter",
        *Defendant-Appellant.*

No. 06-50169

D.C. No.
CR-05-00064-AHS

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submission Deferred February 6, 2007
Submitted February 13, 2007
Pasadena, California

Filed April 3, 2007
Amended July 10, 2007

Before: Warren J. Ferguson, Eugene E. Siler, Jr.,* and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Ferguson

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

8257

## COUNSEL

Gail Ivens, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Anne C. Gannon, Assistant United States Attorney, Santa Ana, California, for the plaintiff-appellee.

---

## ORDER

The Opinion filed on April 3, 2007, slip op. page 3839, and appearing at 480 F.3d 1187 (9th Cir. 2007), is amended, and the Concurrence by Judge Hawkins, filed together with the Opinion, is withdrawn.

The amendments to the Opinion are as follows:

At slip op. page 3842, in the first paragraph, the second and third sentences are deleted and the following is substituted in their place:

> Having previously noted that a minute order is "not a judicial record that can be relied upon" to establish the nature of a prior conviction, *United States v. Diaz-Argueta*, 447 F.3d 1167, 1169 (9th Cir. 2006), we now explicitly so hold.

At slip op. page 3847, line 9: footnote "5" is deleted.

At slip op. page 3848, in the first indented paragraph, line 1: "In sum, any inquiry beyond" is substituted for "Any inquiry beyond".

At slip op. page 3848, in the first indented paragraph, line 4: "*Shepard*, 544 U.S. at 23 n.4" is substituted for "*Id*. at 23 n.4".

At slip op. page 3848, between the first incomplete paragraph (ending "For this same reason, a minute order cannot establish the factual elements underlying a plea to a prior offense.") and the first indented paragraph (beginning "In

sum, any inquiry beyond the language of the convicting statute . . . ."), the following is inserted:

> The government argues that our holding means this court will treat minute orders differently from abstracts of judgments, despite the documents' similarities. The government relies on a line of pre-*Shepard* cases, such as *United States v. Velasco-Medina*, 305 F.3d 839, 852 (9th Cir. 2002); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc); and *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 857 (9th Cir. 2005). Our post-*Shepard* cases, however, have rejected the use of abstracts of judgments in conducting the modified categorical approach. *See United States v. Narvaez-Gomez*, ___ F.3d ___, 2007 WL 1614778, *5 (9th Cir. 2007) (citing *United States v. Navidad-Marcos*, 367 F.3d 903, 908-09 (9th Cir. 2004)); *see also Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078-79 (9th Cir. 2007); *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005).[5]

With these amendments, the petition for panel rehearing is DENIED. No further petitions for panel rehearing may be filed.

---

[5]Nothing in our holding implies that either minute orders or abstracts of judgments are "categorically unreliable." *United States v. Sandoval-Sandoval*, ___ F.3d ___, 2007 WL 1490353, *1 (9th Cir. 2007). We recognize, for example, that an abstract of judgment may be used to prove the "fact of conviction" under *Taylor*. 495 U.S. at 601; *see United States v. Valle-Montalbo*, 474 F.3d 1197, 1201-02 (9th Cir. 2007). Nonetheless, neither abstracts of judgments nor minute orders may be considered under the modified categorical approach defined in *Shepard*. 544 U.S. at 26.

## OPINION

FERGUSON, Circuit Judge:

This case presents the question of whether a minute order, coupled with a charging document, may be sufficient under *Shepard v. United States*, 544 U.S. 13 (2005), to establish a prior crime of violence for purposes of sentence enhancement. Having previously noted that a minute order is "not a judicial record that can be relied upon" to establish the nature of a prior conviction, *United States v. Diaz-Argueta*, 447 F.3d 1167, 1169 (9th Cir. 2006), we now explicitly so hold.

### *FACTUAL AND PROCEDURAL BACKGROUND*

In March 2005, Michael Lee Snellenberger ("Snellenberger") was indicted for unarmed bank robbery pursuant to 18 U.S.C. § 2113(a). He pled guilty to the charge in October of that year. At sentencing, the government requested a sentence enhancement under the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G."), based on Snellenberger's status as a "career offender." U.S.S.G. §§ 4B1.1, 4B1.2 (2002). In 1991, Snellenberger had pled nolo contendere to burglary under section 459 of the California Penal Code ("Cal. Penal Code § 459" or "§ 459"). The government asserted that this prior crime qualified as one of violence under the Guidelines.

The District Court agreed and determined that, in combination with another prior offense,[1] the § 459 conviction qualified Snellenberger as a career offender. This finding raised his guidelines offense level from 19 to 29 and increased the advisory guideline range for his sentence from 63-78 months to

---

[1]Snellenberger does not contest that he has a history of one prior offense that falls under U.S.S.G. §§ 4B1.1, 4B1.2. He challenges only the District Court's finding that his 1991 conviction should count as a second prior felony.

151-188 months. The court imposed a sentence of 151 months imprisonment, a special assessment of $100, and a three year term of supervised release with various conditions. Snellenberger has appealed the sentencing court's reliance on the career offender provisions of U.S.S.G. § 4B1.2.

## *STANDARD OF REVIEW*

We review de novo the lower court's "interpretation and application" of the Sentencing Guidelines. *United States v. Franklin*, 235 F.3d 1165, 1168 (9th Cir. 2000); *see United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (no change after *United States v. Booker*, 543 U.S. 220 (2005)). We also review de novo the determination of the defendant's career offender status. *United States v. Kelly*, 422 F.3d 889, 891-92 (9th Cir. 2005).

## *DISCUSSION*

**[1]** A court may deem a defendant a career offender eligible for a sentence enhancement under the Guidelines if the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense," and was at least eighteen years old at the time he or she committed a third felony that was also a "crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a), (b). The Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that [ ] has as an element the use, attempted use, or threatened use of physical force against the person of another, or [ ] *is burglary of a dwelling . . .*" or another offense enumerated or described in this provision. U.S.S.G. § 4B1.2(a) (emphasis added). The dispute in this case focuses on whether Snellenberger's 1991 burglary conviction qualifies as burglary of a dwelling.[2]

---

[2]On appeal, Snellenberger does not contest the categorization of the instant offense as a crime of violence.

**[2]** Burglary under Cal. Penal Code § 459 is defined more broadly than burglary of a dwelling. The California statute includes, *inter alia*, burglary of a shop, warehouse, barn, stable, train car, aircraft, mine, or underground portion of a mine. Cal. Penal Code § 459.[3] Therefore, Snellenberger's § 459 conviction does not necessarily imply that he pled to burglary of a dwelling, and it cannot provide the basis for concluding that he is a career offender qualified for a sentence enhancement. *See, e.g.*, *Franklin*, 235 F.3d at 1170 ("We have previously and unequivocally held that California Penal Code section 459 is far too sweeping to satisfy the *Taylor* definition of generic burglary.") (referring to definition even broader than "crime of violence" under U.S.S.G. § 4B1.2(a)).

In *Taylor v. United States*, 495 U.S. 575, 600 (1990) (interpreting 18 U.S.C. § 924(e) but relying on broader rationale), the Supreme Court held that sentencing courts must generally assess prior convictions using a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *See also United States v. Becker*, 919 F.2d 568, 570 (9th Cir. 1990) (applying *Taylor* rule concerning Armed Career Criminal Act to section 4B1.1 of the Sentencing Guidelines). The Court explained that a fact-based approach would contravene Congressional intent and create "practical difficulties and potential unfairness," as it could lead to mini-trials concerning the factual bases for prior convictions. *Taylor*, 495 U.S. at

---

[3]The complete statutory definition of burglary is as follows:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, . . . floating home . . . railroad car, locked or sealed cargo container . . . trailer coach . . . any house car . . . inhabited camper . . . vehicle as defined by the Vehicle Code, when the doors are locked, aircraft . . . or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. . . .

Cal. Penal Code § 459.

601. *Taylor* did provide an exception to the categorical rule for "a narrow range of cases where . . . the charging paper and jury instructions actually required the jury to find all the elements of [the narrower, qualifying offense] in order to convict." *Id.* at 602; *see Shepard*, 544 U.S. at 17 (describing *Taylor* exception). Where the jury instructions in combination with the charging document demonstrated that the jury necessarily had to find all the factual elements of the qualifying offense, the sentencing court could "go beyond the mere fact of conviction" to reach the logical conclusion that the defendant had committed the qualifying offense. *Taylor*, 495 U.S. at 602.

**[3]** In *Shepard*, 544 U.S. at 19, the Supreme Court applied the rationale of *Taylor* to a prior conviction resulting from a plea. *Shepard* held that in pleaded cases, the "closest analog" to jury instructions is "the statement of the factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Id.* at 20 (internal citation omitted). The Court ruled that a sentencing court's inquiry into the facts of a prior crime cannot include consideration of complaint applications or police reports, and instead "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16.

In this case, Snellenberger maintains that the government has provided insufficient evidence to establish that his 1991 burglary plea under Cal. Penal Code § 459 involved a crime of violence. The government submitted at sentencing copies of two documents from the convicting court: an information and a minute order. The information lists factual allegations and specifically charges Snellenberger with, *inter alia,* first degree residential burglary in violation of Cal. Penal Code § 459. Under California law, burglary in the first degree nec-

essarily encompasses all factual elements of "burglary of a dwelling," so if Snellenberger had pled guilty to this charge, he would necessarily have admitted to burglary of a dwelling. *See* Cal. Penal Code §§ 450, 460(a), (b). However, like any charging document, the information is insufficient alone to prove the facts to which Snellenberger admitted. *See Ruiz-Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir. 2007); *United States v. Parker*, 5 F.3d 1322, 1327 (9th Cir. 1993). The government therefore relies heavily on the minute order, which states that Snellenberger entered a nolo contendere plea to "459 Penal Code (first degree)."

   **[4]** Snellenberger maintains that the sentencing court should not have considered the minute order. We agree. To establish that a defendant committed a prior crime of violence, the government must provide the sentencing court with "the terms of a plea agreement or transcript of [a] colloquy between [the] judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [ ] some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. As we previously recognized in *Diaz-Argueta*, 447 F.3d at 1169, a minute order is not a comparable judicial record under *Shepard*.[4]

   **[5]** A minute order is not sufficient because it does not contain "the factual basis for the plea [as] confirmed by the defendant." *Shepard*, 544 U.S. at 26. On the contrary, it contains no facts and no indication that it has even been shown to the defendant. The one-page form simply provides a tiny space in which to list the statute under which the defendant has been convicted. Such a document cannot be considered

---

[4]We decided in *Diaz-Argueta*, 447 F.3d at 1169, that, under *Shepard*, a minute order of the state court was "not a judicial record that c[ould] be relied upon to prove" the felony status of a prior conviction under U.S.S.G. § 2L1.2(b)(1)(A)(ii), but that Diaz-Argueta's particular prior offense was a felony as a matter of statutory interpretation. Ultimately, we remanded the case because the sentencing court had failed to consider any of the factors of 18 U.S.C. § 3553(a). *Id.* at 1170, 1171.

"comparable" to "a plea agreement or transcript of [a] colloquy between the judge and the defendant." *Id.*

**[6]** The government asserts that California evidentiary law treats minute orders as accurate in the absence of substantial evidence to the contrary, but this argument misses the point. *See Shepard*, 544 U.S. at 22-23 (rejecting argument that documents could be considered reliable if uncontradicted). The question is not whether the documents are admissible under general rules of evidence, but whether they are adequate to meet the government's evidentiary burden of clearly and unequivocally establishing the facts underlying a prior conviction so as to justify the enhancement of a criminal sentence. As the Supreme Court noted when ruling that complaints and police reports could not be considered, the defendant was never asked if the information contained in the reports was true or accurately reflected his plea. *Id*. at 18. For this same reason, a minute order cannot establish the factual elements underlying a plea to a prior offense.

The government argues that our holding means this court will treat minute orders differently from abstracts of judgments, despite the documents' similarities. The government relies on a line of pre-*Shepard* cases, such as *United States v. Velasco-Medina*, 305 F.3d 839, 852 (9th Cir. 2002); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc); and *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 857 (9th Cir. 2005). Our post-*Shepard* cases, however, have rejected the use of abstracts of judgments in conducting the modified categorical approach. *See United States v. Narvaez-Gomez,* ___ F.3d ___, 2007 WL 1614778, *5 (9th Cir. 2007) (citing *United States v. Navidad-Marcos*, 367 F.3d 903, 908-09 (9th Cir. 2004)); *see also Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078-79 (9th Cir. 2007); *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005).[5]

---

[5]Nothing in our holding implies that either minute orders or abstracts of judgments are "categorically unreliable." *United States v. Sandoval-*

**[7]** In sum, any inquiry beyond the language of the convicting statute "must be narrowly construed" to implement Congressional intent and avoid endless evidentiary hearings concerning prior offenses. *Shepard*, 544 U.S. at 23 n.4. A sentence enhancement based on facts underlying a prior conviction must rely on a judicial record of those facts. *Id.* at 26. The government has submitted no such record regarding Snellenberger's § 459 conviction, and the enhancement of his sentence was in error.

## *CONCLUSION*

The District Court should not have considered a minute order in ruling on whether Snellenberger's conviction under Cal. Penal Code § 459 involved burglary of a dwelling and therefore a crime of violence. The government has failed to meet its burden of demonstrating that Snellenberger qualified as a career offender, eligible for a sentence enhancement under the Guidelines. For the foregoing reasons, we **VACATE** the decision below and **REMAND** for a new sentencing hearing.

---

*Sandoval*, ___ F.3d ___, 2007 WL 1490353, *1 (9th Cir. 2007). We recognize, for example, that an abstract of judgment may be used to prove the "fact of conviction" under *Taylor*. 495 U.S. at 601; *see United States v. Valle-Montalbo*, 474 F.3d 1197, 1201-02 (9th Cir. 2007). Nonetheless, neither abstracts of judgments nor minute orders may be considered under the modified categorical approach defined in *Shepard*. 544 U.S. at 26.