R.App. P. 34(a)(2).

Luis Eduardo **ECHEVERRIA– POLANCO,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 06–72107.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed July 28, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**4**

Andrew P. Bautista, Kirkland & Ellis, LLP, Chicago, IL, for Petitioner.

Luis Eduardo Echeverria–Polanco, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Paul Fiorino, DOJ–U.S. Department Of Justice Civil Division/Office of Immigration Litigation, William M. Jay, DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

On March 14, 2005, Luis Eduardo Echeverria–Polanco filed a habeas corpus petition in which he sought review of an Immigration Judge's order, which denied him release on bond pending his removal proceedings commenced January 28, 2005.[1] Pursuant to the REAL ID Act,[2] the district court transferred at least a portion of the habeas corpus petition to us, although it also opined that the release on bond issue was moot because Echeverria had already been released. On September 12, 2007, we remanded the main bond release issues to the district court, but left the subsidiary issues for later determination. We now dismiss.

■ (1) As part of his attack upon the Immigration Judge's bond determination, Echeverria asserted that his original removal in 1994 was defective, and also sought to challenge the nature and scope of the state convictions that preceded that removal. As we see it, however, those were not separate habeas corpus petitions for review, and were simply part and parcel of his request for review of the bond denial. Therefore, the issues are not properly before us at this time,[3] and simply

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. He did not appeal that order to the Board of Immigration Appeals; he did appeal the IJ's later (February 25, 2005) denial of a request for redetermination to the BIA, but his habeas corpus petition was filed before that was de-

nied. When it was denied (May 17, 2005) the BIA affirmed the Immigration Judge.

2. REAL ID Act of 2005 ("REAL ID Act"), Pub. L. No. 109–13, Div. B, § 106, 119 Stat. 231.

3. *See Morgan v. Bunnell*, 24 F.3d 49, 52 (9th Cir.1994) (per curiam).

became moot along with the bond issue itself.

▮ (2) If we did treat the separate issues in the habeas corpus petition regarding the bond determination as separate attacks on the nature and scope of the 1992 state convictions and the 1994 deportation determination, we lack jurisdiction over those for a number of reasons.[4]

First, the issues were never raised before the BIA, and were not, therefore, exhausted. Thus, they cannot be raised here. *See* 8 U.S.C. § 1252(d)(1); *Puga v. Chertoff,* 488 F.3d 812, 814–15 (9th Cir. 2007); *Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004); *see also Sun v. Ashcroft,* 370 F.3d 932, 941–42 (9th Cir.2004). Second, Echeverria's suggestion that the government bears the burden of showing that he did not exhaust his administrative remedies is incorrect. The burden of showing exhaustion is upon him. *See Haroutunian v. INS,* 87 F.3d 374, 375–76 (9th Cir.1996); *see also Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Third, although Echeverria could have appealed the 1994 deportation decision to us, he did not do so. He cannot challenge it now by way of a habeas corpus petition, or otherwise. *See* 8 U.S.C. § 1105a(a)(1) (1994); *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 878–80 (9th Cir.2003); *Nakaranurack v. United States,* 68 F.3d 290, 293 (9th Cir. 1995). Fourth, his suggestion that appealing to the BIA would have been futile in 1994, or at any time thereafter, is otiose. It is true that the BIA would have considered abstracts of judgment for the purpose

of establishing the fact of his state court convictions,[5] but doing so would have been perfectly proper.[6] If the scope of the conviction was in question, he was not precluded from raising that issue before the IJ, the BIA, or us. Finally, to the extent Echeverria seeks to attack the underlying state convictions, he cannot do so. *See Resendiz v. Kovensky,* 416 F.3d 952, 960 (9th Cir.2005); *Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995); *Urbina–Mauricio v. INS,* 989 F.2d 1085, 1089 (9th Cir.1993).

Petition DISMISSED.

---

4. Echeverria also refers to the removal orders in 1995 and 2001, but those orders will not fall unless the 1994 deportation order falls.

5. 8 C.F.R. § 3.41(a)(5) (1994).

6. *See United States v. Sandoval–Sandoval,* 487 F.3d 1278, 1280 (9th Cir.2007) (per curiam);

*United States v. Valle–Montalbo,* 474 F.3d 1197, 1202 (9th Cir.), *cert. denied,* — U.S. ——, 128 S.Ct. 214, 169 L.Ed.2d 174 (2007); *cf. Tijani v. Willis,* 430 F.3d 1241, 1247–48, 1247 n. 8 (9th Cir.2005) (Tashima, J., concurring).