**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Guillermo PINTADO–ISIORDIA, Defendant—Appellant.**

**No. 07–50115.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 24, 2008.

Arnold Dale Blankenship, Esq., Roger W. Haines, Jr., Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kenneth J. Troiano, Esq., San Diego, CA, for Defendant–Appellant.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Guillermo Pintado–Isiordia appeals from his 63–month sentence imposed following

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

remand for the district court to consider whether his prior conviction for assault with a firearm constitutes a crime of violence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pintado–Isiordia contends that there is insufficient evidence to support the district court's finding of the fact of his prior state court conviction for purposes of applying a crime of violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). We conclude that the district court did not err in relying upon an abstract of judgment and minute orders for the purpose of determining the existence of the prior conviction, and we conclude that there was clear and convincing evidence as to the fact of that conviction. *See United States v. Sandoval–Sandoval*, 487 F.3d 1278, 1280 (9th Cir.2007) (per curiam); *United States v. Snellenberger*, 548 F.3d 699, 701–04 (9th Cir.2008) (en banc) (per curiam).

Pintado–Isiordia also contends that the district court improperly determined that his state court conviction was a felony conviction, and not a misdemeanor. We conclude that the district court properly determined that there was no evidence that the state court exercised its discretion to reduce his state court conviction to a misdemeanor pursuant to Cal.Penal Code § 17(b). *See United States v. Diaz–Argueta*, 447 F.3d 1167, 1169 (9th Cir.2006), *overruled on other grounds by Snellenberger*, 548 F.3d at 702–04; *Sandoval–Sandoval*, 487 F.3d at 1279–80.

Finally, because the district court did not err in concluding that Pintado–Isiordia had suffered a prior felony conviction, we conclude that Pintado–Isiordia's sentence did not exceed the applicable statutory maximum pursuant to 8 U.S.C. § 1326(b).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*See United States v. Valle–Montalbo*, 474 F.3d 1197, 1202 (9th Cir.2007).

**AFFIRMED.**