FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOMINGO ROGELIO ALFARO
TINOCO,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-70435

Agency No. A030-404-449

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010[**]
San Francisco, California

Before: B. FLETCHER, CLIFTON and BEA, Circuit Judges.

Domingo Rogelio Alfaro Tinoco, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

of an Immigration Judge's ("IJ") decision finding Petitioner was inadmissible

because he had been convicted of two aggravated felonies: (1) his September 20,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1999 conviction for unauthorized possession of a controlled substance, in violation of California Health & Safety Code § 11377; and (2) his February 24, 1984 conviction for assault with a deadly weapon, in violation of California Penal Code § 245(a)(2). The IJ also found that because of his two aggravated felonies, Petitioner could not qualify for cancellation of removal. 8 U.S.C. § 1229b(a)(3).

Petitioner's conviction under California Health & Safety Code § 11377 does not qualify as an aggravated felony under 8 U.S.C. § 1182(a)(2)(A)(i)(II) (controlled substance offense) because California classifies certain drugs as controlled substances that the federal government does not. Thus, California Health & Safety Code § 11377 is broader than the generic federal definition. *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 & n.6 (9th Cir. 2007). There are no documents of conviction in the record that tell us what was the controlled substance in Petitioner's case; thus, we cannot conduct a modified categorical analysis. Therefore, this conviction cannot support the BIA's order.

Nevertheless, Petitioner's conviction under California Penal Code § 245(a)(2) does qualify as an aggravated felony under immigration law. 8 U.S.C. § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the

2

term of imprisonment [is] at least one year." Section 16 in turn defines a crime of

violence as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16; *see also* 8 U.S.C. § 1227(a)(2)(A)(iii).

Assault with a deadly weapon in violation of California Penal Code § 245(a)

is categorically a crime of violence under 18 U.S.C. § 16. *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009).

The abstract of judgment proves that Petitioner was sentenced to 185 days in

the county jail suspended,[1] with 180 days in the county jail of actual imprisonment,

---

[1] It makes no difference that a portion of Petitioner's sentence was suspended. 8 U.S.C. § 1101(a)(48)(B) provides that "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." Even an "expunged conviction qualifies as a conviction under the [Immigration and Nationality Act]." *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002).

3

for a total sentence of 365 days imprisonment.[2]  The abstract of judgment is not ambiguous, as Petitioner contends, because there is no reasonable interpretation of the document under which he would have been sentenced to a term of imprisonment of less than one year.

Additionally, the BIA correctly held that because the government met its initial burden to prove Petitioner was removable as an aggravated felon, Petitioner could not then meet his burden to prove he was eligible for cancellation of removal.  The burden to establish eligibility for cancellation of removal is always on the alien.  8 U.S.C. § 1229b(b); 8 C.F.R. § 1240.8(d).  The BIA correctly held that an alien who has been convicted of an aggravated felony is not eligible for cancellation of removal.  8 U.S.C. § 1229b(a)(3).

Petitioner's remaining arguments are meritless.

**PETITION DENIED.**

---

[2]  Judicially noticeable documents under the modified categorical approach include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" and other documents with sufficient indicia of reliability.  *Shepard v. United States*, 544 U.S. 13, 16 (2005).  Abstracts of judgment are also reliable.  *United States v. Sandoval-Sandoval*, 487 F.3d 1278, 1280 (9th Cir. 2007).