**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MANUEL JESUS VALLE-MONTALBO,
*Defendant-Appellant.*

No. 05-50876

D.C. No.
CR-04-02116-MJL

OPINION

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted October 19, 2006*
Pasadena, California

Filed February 2, 2007

Before: Raymond C. Fisher and Consuelo M. Callahan,
Circuit Judges, and Raner C. Collins,** District Judge.

Opinion by Judge Callahan

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

## COUNSEL

Cristina Gabrielidis, San Diego, California, for defendant-appellant Manuel Jesus Valle-Montalbo.

Carol C. Lam, United States Attorney for the Southern District of California, San Diego, California; Roger W. Haines, Jr., Assistant U.S. Attorney, Chief, Appellate Section Criminal Division, San Diego, California; Richard C. Cheng, Assistant United States Attorney, San Diego, California, for plaintiff-appellee the United States of America.

---

## OPINION

CALLAHAN, Circuit Judge:

### INTRODUCTION

Manuel Jesus Valle-Montalbo ("Valle-Montalbo") appeals his sentence for illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326. In particular, Valle-Montalbo challenges an enhancement of his sentence under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2(b)(1)(A) based on his prior conviction for possessing methamphetamine for sale in violation of California Health & Safety Code § 11378. We must determine whether a violation of Health & Safety Code § 11378 is a "drug trafficking offense" under § 2L1.2(b)(1)(A). We conclude that it is and affirm Valle-Montalbo's sentence.

On October 31, 2005, the district court accepted Valle-Montalbo's guilty plea for illegal re-entry and heard argument regarding sentencing. The district court found that there was sufficient proof that Valle-Montalbo suffered a prior drug trafficking conviction for violating Health & Safety Code § 11378, and imposed an enhancement of 16 levels under

§ 2L1.2(b)(1)(A)(i). The district court sentenced Valle-Montalbo to 70 months in prison, followed by three years of supervised release. Valle-Montalbo filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STANDARDS OF REVIEW

We review a district court's determination that a prior conviction qualifies for a sentencing enhancement under U.S.S.G. § 2L1.2 de novo. *United States v. Villa-Lara*, 451 F.3d 63, 64 (9th Cir. 2006). We review de novo whether a sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Pina-Jaime*, 332 F.3d 609, 611 (9th Cir. 2003).

## DISCUSSION

Valle-Montalbo raises three issues on appeal. First, he argues that his prior conviction under Health & Safety Code § 11378 is not a drug trafficking offense under the categorical approach set forth in the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575 (1990), because § 11378 criminalizes conduct that is not drug trafficking under the guidelines. Under Guidelines § 2L1.2(b)(1)(A)(i), a prior removal following a drug trafficking felony conviction results in a 16-level increase to the base offense level for illegal re-entry.[1] Second, Valle-Montalbo contends that the district court committed reversible error by finding the prior conviction true by a preponderance of the evidence and not requiring that the fact of his prior conviction be pled and proven beyond a reasonable doubt. Finally, Valle-Montalbo claims that *Apprendi*

---

[1]Guidelines § 2L1.2(b)(1)(A)(i) provides for a 16-level enhancement after "a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months." Valle-Montalbo does not contest that he received a sentence exceeding 13 months for violating Health & Safety Code § 11378.

*v. New Jersey*, 530 U.S. 466 (2000), prohibited the district court from applying 8 U.S.C. § 1326(b) to raise his statutory maximum sentence beyond two years.

I.

A.   Valle-Montalbo's conviction under California Health & Safety Code § 11378 is categorically a drug trafficking offense under U.S.S.G. § 2L1.2.

**[1]** Under the Supreme Court's categorical approach to determining whether prior convictions under state or local statutes can be used for federal sentence enhancements, the courts should "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. If "the statute criminalizes conduct that would not constitute a drug trafficking offense under federal sentencing law," then the prior conviction does not categorically qualify as a basis for enhancing the defendant's sentence.[2] *United States v. Morales-Perez*, 467 F.3d 1219, 1221 (9th Cir. 2006) (internal quotations and brackets omitted).

**[2]** The sentencing guidelines define a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).

**[3]** California Health & Safety Code § 11378 states in relevant part: "[E]very person who possesses for sale any controlled substance which is . . . specified in subdivision (d), (e),

---

[2]If "the conviction does not qualify as a predicate offense," under the categorical approach, then the district court goes further and determines if the conduct that resulted in a conviction violates federal law under the modified categorical approach. *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077 (9th Cir. 1999).

or (f) . . . of Section 11055, shall be punished by imprisonment in the state prison." California Health & Safety Code § 11055, subdivision (d), subsection (2) lists "Methamphetamine, its salts, isomers, and salts of its isomers" as controlled substances. The plain text of California Health & Safety Code § 11378 criminalizes *only* possession for sale. For example, in *People v. Cuevas*, the California Court of Appeal explained that under California law, "possession for sale and transportation are independent crimes and a person may be legally convicted of both, although the possession in each charge arises out of the same act."[3] 16 Cal. App. 3d 245, 250 (Cal. Ct. App. 1971). It further stated that "the possession of a dangerous drug for sale has the additional element, not found in transporting, that the possessor must have the purpose of selling the dangerous drug."[4] *Id.* Thus, like § 2L1.2, § 11378 incorporates an intent requirement. *See also People v. Harris*, 83 Cal. App. 4th 371, 374 (Cal. Ct. App. 2000); *cf. Villa-Lara*, 451 F.3d at 965 (holding that Nevada Rev. Stat. § 453.3385 was not categorically a "drug trafficking offense" because it did not require an intent to sell). Both the plain text of Health & Safety Code § 11378, and California case law confirm that § 11378 only criminalizes possession of dangerous drugs with the intent to sell them.

**[4]** It follows that under the *Taylor* categorical approach, Valle-Montalbo's prior conviction for violating Health & Safety Code § 11378 is a drug trafficking offense under § 2L1.2. Therefore the district court properly applied the 16-level enhancement to Valle-Montalbo's sentence for illegal re-entry.

---

[3] *People v. Cuevas* analyzed the former California Health & Safety Code § 11911, which became Health & Safety Code § 11378 in 1972. *See* Cal. Stats 1972 ch. 1407 § 3.

[4] Under California law, mere possession of methamphetamine is a violation of Health & Safety Code § 11377, and transportation or actual sale is a violation of Health & Safety Code § 11379.

B.  The California Court of Appeal's recent decision in *People v. Morgan* did not expand the scope of § 11378.

**[5]** Valle-Montalbo argues that a California Court of Appeal in *People v. Morgan*, 125 Cal. App. 4th 935, 938 (Cal. Ct. App. 2005), expanded Health & Safety Code § 11378 to include the defendant's receipt of a third party's solicitation to purchase. We reject this argument. The California Court of Appeal did not criminalize the mere receipt of a request to buy drugs, but rather it simply decided that such a request is admissible evidence of the defendant's intent to sell methamphetamine notwithstanding the hearsay rule. *Id.* at 937.

In *People v. Morgan*, narcotics officers executed a search warrant to search for evidence of the sale of methamphetamine. *Id.* at 938. The officers found approximately $600, a day planner with names and numbers consistent with a pay-owe sheet, another pay-owe sheet in Ms. Morgan's purse, some bagging materials, a scale with residue on it, .55 grams of methamphetamine on a game board and .81 grams of methamphetamine in a tobacco tin. *Id.* During the search, the telephone rang and a detective answered. *Id.* at 939. The caller asked for Ms. Morgan, stated that he needed drugs, and asked if they had any drugs. *Id.* The jury convicted Ms. Morgan and her co-defendant of violating Health & Safety Code § 11378, possession of methamphetamine for sale. *Id.* at 940. The statements of the caller were admissible because they were relevant, circumstantial evidence that the drugs found were possessed for sale. *Id.* at 942.

**[6]** The California Court of Appeal concluded that "under the provisions of California's Evidence Code the caller's oral expressions are hearsay, but that case law, recognized and accepted when the Evidence Code was adopted and continuing thereafter, has created an exception to the hearsay rule for this reliable type of evidence." *Id.* at 937. In addition, the Court of Appeal decided that the phone call did not violate the defendants' Sixth Amendment Confrontation Clause rights.

*Id.* at 946-47. The court did not suggest that the mere receipt of the solicitation was sufficient to support a conviction under § 11378. Therefore, *People v. Morgan* did not expand the scope of Health & Safety Code § 11378, and does not alter our analysis under the *Taylor* categorical approach.

## II.

**[7]** Turning to Valle-Montalbo's contention that the district court erred by finding that the government's burden of proof to establish his prior conviction was a preponderance of the evidence, we conclude that there was clear and convincing evidence of his prior conviction, and therefore if there was error, it was harmless. A trial court may rely upon the abstract of judgment and charging document to conclude there is clear and convincing evidence that the defendant had a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A). *See United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005) (finding reliance on abstract and statute sufficient to find a prior drug trafficking conviction.). In this case, the district court specifically relied on the abstract of judgment and the charging document in finding that Valle-Montalbo suffered the prior conviction. Furthermore, Valle-Montalbo offered no evidence to contradict the documentary evidence of his conviction. Therefore, there was clear and convincing evidence showing that Valle-Montalbo suffered a prior conviction for violating California Health & Safety Code § 11378. Even if the district court erred by applying a preponderance of the evidence standard, in light of the clear and convincing evidence of Valle-Montalbo's prior conviction, any error was harmless.

## III.

**[8]** Finally, Valle-Montalbo's argument that the Supreme Court's decisions in *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), require that his prior conviction be pled and proved as an element of the offense before enhancing his sen-

tence beyond the two-year statutory maximum is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), and our precedents continuing to apply *Almendarez-Torres* after *Blakely*. In *Almendarez-Torres*, the United States Supreme Court stated that recidivism does not need to be treated as an element of 8 U.S.C. § 1326 for the purposes of sentencing a defendant to a term over the two year maximum sentence. 523 U.S. at 247. We have previously rejected the argument that a prior conviction must be pled and proved and we continue to apply *Almendarez-Torres*. *See United States v. Weiland*, 420 F.3d 1062, 1079-80 fn. 16 (9th Cir. 2005) ("[W]e are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court."); *see also United States v. Morales-Perez*, 467 F.3d at 1223 (holding that the argument that the Supreme Court overruled *Almendarez-Torres* in *Blakely v. Washington*, is foreclosed by Ninth Circuit precedent.). Therefore, we follow *Weiland* and *Morales-Perez* and conclude that the district court properly enhanced Valle-Montalbo's sentence based on the prior conviction.

## CONCLUSION

For the foregoing reasons, we hold that California Health & Safety Code § 11378 is categorically a drug trafficking offense under U.S.S.G. § 2L1.2. We also conclude that the district court relied upon clear and convincing evidence that Valle-Montalbo had been previously convicted of a drug trafficking offense and properly enhanced his sentence based on that prior conviction. Accordingly, Valle-Montalbo's sentence is AFFIRMED.