UNITED STATES of America,
Plaintiff—Appellee,

v.

Jorge Enrique BELTRAN–CARRANZA,
Defendant—Appellant.

No. 05–50272.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed April 16, 2007.

Carlos Arguello, Esq., U.S. Attorneys Office, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Daniel Casillas, Esq., Law Office of Daniel Casillas, San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Jorge Beltran–Carranza ("Beltran") pleaded guilty to violating 8 U.S.C. § 1326, Reentry of Removed Alien. He challenges his 46–month sentence arguing that the district court improperly sentenced him

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under § 1326(b) rather than § 1326(a), which carries a maximum sentence of two years. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Beltran pleaded guilty to being a previously removed alien found in the United States. During his plea colloquy he did not admit conviction for an aggravated felony, nor the date of his removal, and the indictment did not specify when he had been removed.[1]

The crime of Reentry of Removed Alien carries a two-year maximum sentence under § 1326(a), but if the removal "was subsequent to a conviction for commission of an aggravated felony" the maximum sentence is increased to twenty years pursuant to § 1326(b)(2). Beltran argues that, for several reasons, because he did not admit he had been removed after conviction of an aggravated felony the district court erred in sentencing him under § 1326(b).

■ First, Beltran argues that although there was an allegation he had been convicted of kidnaping in 1992, this conviction was never proved. Although the presentence report ("PSR") alleged that Beltran had been convicted of kidnaping, Beltran objected to this statement in the PSR. When the prosecution failed to present evidence of the conviction, the district court took judicial notice of the conviction from California court documents which were in the possession of the probation officer.[2]

Beltran argues that judicial notice of these documents was erroneous for both general and specific reasons. He argues as a general matter that because the burden of proof in a criminal case is on the

prosecution to prove facts supporting an enhancement it is improper for the court to use judicial notice to relieve the prosecution of its burden of proof. Beltran, however, has not cited any precedent forbidding sentencing courts from taking judicial notice of prior convictions so this argument fails.

Beltran argues more specifically that judicial notice was improper here because the documents were not reliable and because he was not afforded an opportunity to review the documents. Federal Rule of Evidence 201 permits a court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(e) states: "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed."

When the conviction documents were examined by the district court, Beltran did not request to examine them. Nor did he raise any objection that the documents were inauthentic or unreliable. Any objection to the authenticity of the documents or to whether the documents were subject to judicial notice should have been made at sentencing. See *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir.1996) ("By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal."). Because Beltran did not specifically object in the district court to the documents judicially noticed, he has waived this argument for appeal.

■ Beltran's second argument on appeal is that sentencing under § 1326(b) was erroneous because he never admitted

---

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. These documents were not contained in the record but pursuant to our January 16, 2007 order we have received and reviewed these documents.

the date of his prior removal. He reasons that even if the court could conclude that he was convicted of kidnaping in 1992, the judge could not find that he had been removed subsequent to that conviction.

The fact of a prior removal must be admitted by the defendant or be proved beyond a reasonable doubt to a jury. *United States v. Covian–Sandoval,* 462 F.3d 1090, 1097–98 (9th Cir.2006).[3] In this case, the time-frame of the prior removal was admitted because Beltran's lawyer stated at sentencing that "[Beltran's] mother was gravely ill and she actually passed away in 1998, and this was when he was then later on apprehended and deported shortly thereafter." This statement is a sufficient admission of the time-frame of removal. *See United States v. Hernandez–Hernandez,* 431 F.3d 1212, 1219 (9th Cir.2005) (explaining that "criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority"). The district court, therefore, properly concluded that Beltran was actually removed subsequent to the kidnaping conviction in 1992.

Finally, Beltran makes several related arguments based on the Sixth Amendment right to a jury. He argues that § 1326(b) is unconstitutional because the statute allows judges to increase the maximum sentence from two to twenty years based on facts not admitted by the defendant. He contends that if a prior criminal conviction is contested by the defendant then the fact of prior conviction must be proved to a jury. This argument is foreclosed by our decision in *United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (holding that prior convictions need not be proved beyond a reasonable doubt to the jury or admitted by the defendant).[4]

Similarly, Beltran argues that the Sixth Amendment requires that criminal history level be proved to a jury whenever a prior conviction is disputed. This argument is also foreclosed by *Velasquez–Reyes,* because criminal history level involves only prior convictions and only affects the discretionary sentence. *See id.* For the same reason, we reject Beltran's argument that it is unconstitutional for the sentencing court to add a 16–level enhancement based on facts found by the sentencing judge. Because the resulting sentence is discretionary, the facts supporting the 16–level enhancement may be found by the sentencing judge. *United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Valle–Montalbo,* 474 F.3d 1197, 1202 (9th Cir.2007). Because the court took notice of the 1992 kidnaping conviction, and because Beltran admitted to subsequent removal, the facts needed to support the 16–level enhancement were proved by clear and convincing evidence. *See* U.S.S.G. § 2L1.2(b)(1).

The judgment is **AFFIRMED.**

---

3. There is apparent tension between *Covian–Sandoval,* which concluded that an enhancement of the defendant's sentence under 8 U.S.C. § 1326(b)(2) based on a factual finding of a "subsequent removal" constitutes *Apprendi* error, and *United States v. Castillo–Rivera,* 244 F.3d 1020, 1024 (9th Cir.2001) (rejecting the claim that under 8 U.S.C. § 1326(b)(2) the temporal sequence of the removal and the prior conviction is a fact beyond the scope of *Apprendi's* recidivism exception). Because we would affirm Beltran's enhanced sentence consistent with either case, however, we need not resolve this tension here.

4. Insofar as Beltran argues that § 1326(b) is unconstitutional because it permits a sentencing court to find the fact of removal, *Covian–Sandoval,* 462 F.3d at 1097–98, requires that this be admitted by the defendant or proved to a jury.