**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adrian GALVAN–LIZARRAGA,**
**Defendant–Appellant.**

**No. 07–50010.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2008.

Filed Jan. 31, 2008.

William M. Narus, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kris J. Kraus and James Fife, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and M. SMITH, Circuit Judges, and HOLLAND *, District Judge.

## MEMORANDUM **

Adrian Galvan–Lizarraga appeals his conviction and sentence for attempted reentry after deportation, in violation of 8

U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ 1. Galvan–Lizarraga contends that the district court violated his Sixth Amendment right to confrontation by limiting the scope of his cross-examination of Hayes, Lubin, and Korkin on two investigative reports. We review the "limitation on the scope of cross-examination within an area of inquiry" for abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir.2007) (en banc). The district court did not unreasonably restrict the cross-examination of the witnesses. Rather, the district court required that Galvan–Lizarraga establish a proper foundation prior to asking the witnesses about either report. That limitation was not an abuse of discretion. Moreover, Galvan–Lizarraga was able to put sufficient evidence to the jury from which it could assess the credibility of the witnesses. *See id.* at 1103.

■ 2. Galvan–Lizarraga contends that the district court erred in admitting evidence of a 2004 removal when evidence of a 2003 removal had already been admitted. "In this case, we review the district court's evidentiary rulings for abuse of discretion." *United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1091 (9th Cir. 2007). The district court did not abuse its discretion under Federal Rule of Evidence 404(b) because the 2004 removal evidence was "evidence forming an essential element of the charged offense." *Id.* If the district court abused its discretion under Federal Rule of Evidence 403, any error was harmless because it was unlikely that the admission of the 2004 removal evidence affected the verdict. *See United States v. Chu Kong Yin*, 935 F.2d 990, 994 (9th

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.1991). The evidence of the 2003 removal was sufficient to support Galvan–Lizarraga's conviction.

3. Galvan–Lizarraga contends that the district court erred in its formulation of the "overt act" jury instructions and by declining to give his proposed instructions on proof of alienage, circumstantial evidence, and missing witnesses. Galvan–Lizarraga contends that as a result of these errors, his specific intent defense theory was not adequately presented to the jury. "We review the district court's formulation of jury instructions for an abuse of discretion; however, [w]hether the district court's instructions adequately presented the defendant's theory of the case is reviewed de novo." *United States v. Tatoyan,* 474 F.3d 1174, 1179 (9th Cir.2007) (internal citations and quotation marks omitted). "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *Id.* (citation and quotation marks omitted).

 The jury instructions as a whole adequately covered Galvan–Lizarraga's specific intent defense theory. The district court did not abuse its discretion in formulating the instructions on the "overt act" element because the instructions as a whole informed the jury that in order to find Galvan–Lizarraga guilty, it had to find that he had the conscious desire to enter the United States without consent at the time the overt act occurred. Considering the instructions as a whole, the alienage instruction adequately conveyed to the jury that it should not single out one piece of evidence when deciding whether the government had proved beyond a reasonable doubt that Galvan–Lizarraga was an alien. As for the California circumstantial evidence instruction, the Ninth Circuit model instruction that the district court gave adequately explained how to treat circumstantial evidence. Considering the missing witness instruction that was requested, the district court properly declined to give an instruction about the presumption that arises from a failure to call percipient witnesses when all the percipient witnesses had testified.

4. Galvan–Lizarraga contends that his sentence must be vacated because the date of removal was not alleged in the indictment and was not proved to the jury beyond a reasonable doubt. "We review de novo whether a sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)." *United States v. Valle–Montalbo,* 474 F.3d 1197, 1199 (9th Cir.2007). Although there was an *Apprendi* error here, the error was harmless. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751–55 (9th Cir.2007). The jury was presented with two warrants of removal, either of which was sufficient to support a finding of removal beyond a reasonable doubt, and both of these removals were *after* Galvan–Lizarraga's conviction for an aggravated felony. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 913–14 (9th Cir.2006).

AFFIRMED.