**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 09-30067, 09-30068, 09-30071 |
| Plaintiff - Appellee, | |
| v. | D. C. No. CR-08-131-GF-SEH, |
| | D. C. No. CR-08-111-GF-SEH, |
| SALVADOR AVILA-RIVERA, | D. C. No. CR-08-154-GF-SEH |
| Defendant - Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted December 7, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

Salvador Avila-Rivera ("Avila") was convicted of being found in the United

States after having been removed from the country after an aggravated felony, in

violation of 8 U.S.C. § 1326(a) and (b)(2), and the district court sentenced Avila to

10 years and 5 months (125 months) of incarceration for that offense. At the time

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of his conviction, Avila was on supervised release for two previous convictions. The district court found Avila to be in violation of the terms of his release for each conviction, revoked his release, and imposed two sentences of two years (24 months) each, to run concurrently with one another but consecutively with the sentence of 10 years and 5 months. Avila timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A trial court's denial of a motion for acquittal under Federal Rule of Criminal Procedure 29 is reviewed de novo." *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004). We recently decided that an alien who is denied entry into Canada from the United States has not left the United States, as a matter of law, even if he has "technically traveled onto Canadian land." *United States v. Ambriz-Ambriz*, 586 F.3d 719,723 (9th Cir. 2009). Because Avila had not left the United States, he was "found in" the United States when he was found and detained at the Sweetgrass Port of Entry. *See id.* at 722-24. Because Avila was found in the United States, there was evidence sufficient for a rational trier of fact to conclude, as the jury in this case did, that Avila violated 8 U.S.C § 1326, and the district court was correct to deny Avila's Rule 29 motions.

"Whether a jury instruction misstates elements of a statutory crime is a question of law reviewed de novo." *United States v. Castellanos-Garcia*, 270 F.3d

2

773, 775 (9th Cir. 2001). "Failure to instruct on the defense theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable." *Beardslee v. Woodford*, 358 F.3d 560, 577 (9th Cir. 2004). Because Avila's proposed jury instruction misstates the meaning of the term "found in" as used in 8 U.S.C § 1326, and because the defense's "official restraint" theory is inapplicable to someone who has not left the United States, *Ambriz-Ambriz*, No. 08-30431 at *2-*4, the district court was correct to refuse to issue Avila's proposed instructions. The instructions the court did issue accurately stated the law, and thus neither usurped the jury's fact-finding role nor violated Avila's Fifth and Sixth Amendment rights.

"Preserved *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] challenges are reviewed de novo." *United States v. Salazar-Lopez*, 506 F.3d 748, 750 (9th Cir. 2007) (citations omitted). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Apprendi*, 530 U.S. at 490. Because "prior convictions need not be alleged in an indictment," *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 243-47 (1998)), the indictment brought against Avila raises no *Apprendi*

3

concerns and, combined with the information provided at sentencing, was more than sufficient to trigger 8 U.S.C. § 1326(b)(2).

"We review a district court's determination that a prior conviction qualifies for a sentencing enhancement under U.S.S.G. § 2L1.2 de novo." *United States v. Valle-Montalbo*, 474 F.3d 1197, 1199 (9th Cir. 2007). The government must prove the existence of the prior conviction by clear and convincing evidence. *Id.* at 1201. Under the modified categorical approach, "the court can examine documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004) (quotations and citations omitted). Here, Count I of the charging document that led to Avila's California conviction alleged that Avila sold heroin, Avila's lawyer at the time stated in his plea colloquy with the judge that "we have truly just a one-count sale here," and, most importantly, the official judgment found Avila guilty of the "sale of heroin." This is clear and convincing evidence that Avila's California prior conviction matched the category of "drug trafficking offense" set forth at § 2L1.2(b)(1)(A) of the Sentencing Guidelines, and the district court's assessment of 16 additional offense levels was not error.

"We have historically reviewed the district court's consideration of non-binding policy statements, such as Chapter 7 ["Violations of Probation and

4

Supervised Release"], for abuse of discretion. We review the sentence ultimately imposed for reasonableness." *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006) (citations omitted). The district court, in its three-paragraph colloquy with Avila regarding the reasoning behind the revocation sentences, noted that it gave full consideration to the Chapter 7 policy statements, and discussed at length Avila's breach of trust. The record does not suggest that the two concurrent two-year (24-month) revocation sentences, which are within the guideline range, are either procedurally or substantively unreasonable, nor that the district court abused its discretion when formulating them.

When reviewing sentences "[o]n appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "It would be procedural error for a district court to fail to calculate-or to calculate incorrectly-the Guidelines range; . . . to fail to consider the § 3553(a) factors; . . . or to fail adequately to explain the sentence selected. . . ." *Id.* Substantive reasonableness is reviewed under an abuse of discretion standard. *Id.* As to procedure, the district court correctly calculated the guideline sentence both for Avila's violation of 8 U.S.C. § 1362 and for his revocation sentences, treated the guidelines as advisory rather than mandatory,

considered the § 3553(a) factors when appropriate, did not rely on clearly erroneous facts when choosing a sentence, and adequately explained its within-guidelines sentences, thus satisfying the five hallmarks of procedural reasonableness set forth in *Carty*. 520 F.3d at 993. As to substance, Avila's main objection is the same *Apprendi*-based objection to the assessment of 16 additional offender levels, which, as discussed above, is unavailing. Avila does not raise, nor does the record support, any other argument that the district court issued an unreasonable sentence or otherwise abused its discretion.

AFFIRMED.