**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50599 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02584-JAH-1 |
| v. | |
| VICTOR MALDONADO-DELGADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted August 18, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Victor Maldonado-Delgado appeals the district court's sentence of 60

months following his guilty plea to charges of being a deported alien found in the

United States in violation of 8 U.S.C. § 1326. Maldonado contends that, in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

imposing his sentence, the district court improperly failed to consider mitigating factors, improperly characterized his prior conviction under Cal. Penal Code § 245(a)(1) as a crime of violence, and improperly imposed a sentence that was above the statutory maximum. We have jurisdiction under 28 U.S.C. §§ 1291, 1294. We affirm.

We review a district court's sentencing decisions for abuse of discretion. Gall v. United States, 552 U.S. 38, 50–51 (2007). We review sentence enhancements de novo. United States v. Valle-Montalbo, 474 F.3d 1197, 1199 (9th Cir. 2007). And we review the constitutionality of a district court's sentence de novo. See United States v. Smith, 282 F.3d 758, 771 (9th Cir. 2002).

The facts of this case are known to the parties. We do not repeat them.

**I**

A district court is not required to discuss each mitigating factor under 18 U.S.C. § 3553(a). United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Instead, all that is required is that the court "state the reasons for the sentence imposed" so that we may conduct a meaningful review. See id. at 516–17. Here, our review of the record reveals that the district court considered the relevant mitigating factors and explained its sentence to the extent necessary

for our review.  No more is required.  See Rita v. United States, 551 U.S. 338,
357–58 (2007).

## II

A conviction of assault with a deadly weapon under Cal. Penal Code
§ 245(a)(1) is a crime of violence within the meaning of U.S.S.G. § 2L1.2.  United
States v. Grajeda, 581 F.3d 1186, 1192 (9th Cir. 2009).  The district court therefore
properly characterized Maldonado's prior conviction as a crime of violence, which
triggered the sentencing enhancements of U.S.S.G. § 2L1.2.

## III

Maldonado contends the district court erred by applying 8 U.S.C. § 1326(b)
to enhance his sentence.  Specifically, he argues that Almendarez-Torres v. United
States, 523 U.S. 224 (1998), which permits enhancement based on the existence of
a prior felony, has been overruled by Nijhawan v. Holder, 129 S. Ct. 2294 (2009),
so that his prior felony must be either admitted or proved to a jury beyond a
reasonable doubt.  We have repeatedly held, however, that Almendarez-Torres is
binding unless expressly overruled by the Supreme Court.  See, e.g., United States
v. Grajeda, 581 F.3d 1186, 1197 (9th Cir. 2009); Butler v. Curry, 528 F.3d 624,
643-44 (9th Cir. 2008) (citing cases).  Because Nijhawan does not even mention

Almendarez-Torres, we cannot conclude that Almendarez-Torres has been expressly overruled, and accordingly, we reject Maldonado's argument.

**AFFIRMED.**