**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10598 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01515-RCC-GEE-1 |
| v. | |
| BARTOLO RODRIGUEZ-FUENTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted June 15, 2012
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

Appellant Bartolo Rodriguez-Fuentes appeals the district court's imposition

of a 60-month sentence for illegal reentry following deportation in violation of 8

U.S.C. § 1326, as enhanced by 8 U.S.C. § 1326(b)(2).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based upon Rodriguez-Fuentes' prior state conviction as evidenced by the Information and Abstract of Judgment. *See United States v. Valle-Montalbo*, 474 F.3d 1197, 1201-02 (9th Cir. 2007) ("A trial court may rely upon the abstract of judgment and charging document to conclude there is clear and convincing evidence that the defendant had a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A). . . .") (citation omitted); *see also United States v. Leal-Vega*, No. 11-50065, - - - F.3d - - -, 2012 WL 1940217, at *7 (9th Cir. May 30, 2012) (same).

As Rodriguez-Fuentes conceded at oral argument, the district court did not err in its application of § 4A1.2(a)(2), because "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)," U.S.S.G. § 4A1.2(a)(2), and a sentence imposed for a probation revocation is counted separately from a sentence for a new criminal conviction imposed at the same time, *id.* § 4A1.2 cmt. n. 11.

Because Rodriguez-Fuentes "fail[ed] to object on the ground that the district court did not sufficiently address and apply the factors listed in § 3553(a)," we review his argument to that effect for plain error. *United States v. Autery*, 555 F.3d 864, 869 (9th Cir. 2009) (citations, footnote reference, and internal quotation marks omitted). The district court did not plainly err because it "set forth enough of an explanation to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority. . . ." *United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) (citation, alteration, and internal quotation marks omitted). "The sentencing transcript demonstrates that the district court recognized its discretion . . . to vary from the Sentencing Guidelines, and that it did in fact impose a sentence that varied from the Guidelines range—just not by as many months as [Rodriguez-Fuentes] requested. . . ." *Id.* Nor did the district court abuse its discretion by imposing a substantively unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**