# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10507
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROGER HARRY OLSON, II,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:

After the denial of his motion to suppress, Roger Olson, II, pleaded guilty of possession with intent to distribute fifty grams or more of methamphetamine and possession with intent to distribute gamma hydroxybutyric acid. On appeal, Olson challenges the denial of his motion to suppress and the application of the career-offender guideline, U.S. Sentencing Guidelines

No. 16-10507

§ 4B1.1, based on his two convictions of possession for sale of methamphetamine in violation of California Health & Safety Code § 11378.

By pleading guilty voluntarily and unconditionally, a criminal defendant waives his right to challenge any nonjurisdictional defects in the criminal proceedings that occurred before the plea. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). This waiver includes the right to raise any further objections based on the denial of a motion to suppress. *Id.*

Though a defendant may enter into a conditional guilty plea preserving the right to appeal pretrial rulings, the plea must be in writing and designate the particular issues that are preserved for appeal; the government must consent to it; and the district court must approve it. *United States v. Wise*, 179 F.3d 184, 186–87 (5th Cir. 1999); *see* FED. R. CRIM. P. 11(a)(2); *Stevens*, 487 F.3d at 238. A conditional guilty plea may not be implied. *Wise*, 179 F.3d at 186.

We have excused variances from these technical requirements where "the record clearly indicates that the defendant intended to enter a conditional guilty plea, that the defendant expressed the intention to appeal a particular pretrial ruling, and that neither the government nor the district court opposed such a plea." *Stevens*, 487 F.3d at 238 (internal quotation marks and citation omitted); *see Wise*, 179 F.3d at 187. That is not the situation here.

The parties did not enter into a written plea agreement. Moreover, the record contains no suggestion that Olson intended to plead guilty conditionally, that he expressed an intent to appeal the suppression ruling, or that the government and the court assented to a conditional plea. Finally, Olson does not contend, and it is not apparent from the transcript of his rearraignment hearing, that his plea was involuntary. By entering a voluntary, unconditional

plea of guilty, he therefore waived the right to challenge the denial of the motion to suppress.

Olson contends that a conviction under § 11378 does not qualify as a controlled-substance offense under § 4B1.1 because it criminalizes an offer to sell a controlled substance. A defendant is a career offender for purposes of the guidelines if, among other things, the conviction for which he is being sentenced is a felony crime of violence ("COV") or controlled-substance offense and he has at least two felony convictions for either a COV or a controlled-substance offense. § 4B1.1(a); *see also* U.S.S.G. § 4B1.2 (defining the terms in § 4B1.1). In relevant part, § 4B1.2(b) defines a controlled-substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."

In *United States v. Castellon-Aragon*, 772 F.3d 1023, 1024 (5th Cir. 2014), we held that possession of methamphetamine for sale, in violation of § 11378, is a drug-trafficking offense under U.S.S.G. § 2L1.2. We cited *United States v. Valle-Montalbo*, 474 F.3d 1197, 1201 (9th Cir. 2007), which concluded that "[b]oth the plain text of Health & Safety Code § 11378, and California case law confirm that § 11378 only criminalizes possession of dangerous drugs with the intent to sell them." *Valle-Montalbo*, 474 F.3d at 1201. Possession of a controlled substance with the intent to sell, deliver or, distribute it plainly qualifies as a controlled-substance offense under § 4B1.1. *See United States v. Ford*, 509 F.3d 714, 716-17 (5th Cir. 2007), *abrogated on other grounds by United States v. Tanksley*, No. 15-11078, 2017 U.S. App. LEXIS 913, at *8 (5th Cir. Jan. 18, 2017) (on petition for rehearing). An offer to sell a controlled substance, on the other hand, does not necessarily require the defendant to

No. 16-10507

actually or constructively possess the controlled substance or to intend to distribute it. *Ford*, 509 F.3d at 716–17.

Thus, Olson's theory that § 11378 criminalizes offers to sell a controlled substance is without merit, because a conviction under § 11378 requires proof of actual or constructive possession of a controlled substance and the intent to sell it. Accordingly, the district court properly applied the career-offender enhancement based on Olson's two convictions of possession of methamphetamine for sale.

AFFIRMED.