# United States Court of Appeals for the Fifth Circuit

No. 22-30276
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 22, 2023
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dustin O. Thompson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CR-326-1

Before Jolly, Jones, and Ho, *Circuit Judges.*

Per Curiam:*

Dustin O. Thompson pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1) and (b)(1)(C), and to one count of possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A). The district court imposed a within-guidelines total sentence of 270 months of imprisonment followed by a five-year term of supervised release. On appeal, Thompson

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenges the denial of his motion to suppress evidence and contends that his within-guidelines sentence is procedurally and substantively unreasonable. Because Thompson's guilty plea is not a conditional plea and there is no evidence suggesting that he intended to enter a conditional plea and reserve his right to appeal the denial of his motion to suppress, this issue is waived. *See United States v. Olson*, 849 F.3d 230, 231 (5th Cir. 2017); *United States v. Bell*, 966 F.2d 914, 917-18 (5th Cir. 1992).

When reviewing sentences, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If there is no procedural error, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014) (internal quotation marks and citation omitted). During both inquiries, we review "the sentencing court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error." *Id.* at 598-99.

Thompson argues that his sentence is procedurally unreasonable because it failed to properly account for the nature and circumstances of the offense and the history and characteristics of the defendant. To the extent that Thompson's arguments can be construed as the district court failing to take the § 3553(a) sentencing factors into account, a review of the record reveals this is incorrect as the district court explicitly considered the factors and recited them at sentencing. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Thompson also urges that his sentence is substantively unreasonable because it fails to account for certain mitigating factors, including his age, his difficult upbringing, and the amount of drugs in his possession, and that it was an abuse of discretion for the district court to fail to exercise its discretion to vary from the Guidelines. A sentence within a properly calculated guidelines range is presumptively reasonable. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). The district court listened to Thompson's arguments in favor of a below-guidelines sentence and stated that it had considered all the § 3553(a) factors and Thompson's "long record" and criminal history. Thompson has not shown that the district court considered an improper factor, failed to consider a relevant factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See Cooks*, 589 F.3d at 186. Moreover, while the district court had the discretion to issue a downward variance based on policy disagreements with the Guidelines, it was not required to do so. *See United States v. Malone*, 828 F.3d 331, 338-39 (5th Cir. 2016). Thompson's appellate arguments amount to a mere disagreement with the weight that the district court afforded to his mitigating arguments and his displeasure with the sentence imposed, which is insufficient to support his contention that the sentence was unreasonable. *See United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014). Accordingly, Thompson has failed to rebut the presumption of reasonableness applicable to his within-guidelines sentence and has not shown that the district court abused its discretion. *See Cooks*, 589 F.3d at 186.

For the foregoing reasons, Thompson's conviction and sentence are AFFIRMED.