# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-40516
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dan Alan McClure,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CR-10-1

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Dan Alan McClure appeals from his guilty plea conviction and sentence for receipt of child pornography and possession of child pornography. He challenges the district court's denial of his motion to suppress and he claims that his trial counsel was ineffective for failing to raise certain arguments when contesting the affidavit underlying the search

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

warrant. The Government argues that McClure's unconditional guilty plea bars his challenge to the denial of his suppression motion.

A voluntary and unconditional guilty plea waives all nonjurisdictional defects in the prior proceedings. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see Class v. United States*, 583 U.S. 174, 182 (2018) ("A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered."). We have held that this waiver includes an appeal of the denial of a motion to suppress. *See United States v. Olson*, 849 F.3d 230, 231 (5th Cir. 2017); *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) ("When a trial court denies a motion to suppress evidence and the defendant subsequently enters an unconditional plea of guilty, the defendant has waived the right to raise further objection to that evidence."). A defendant can preserve a claim for appellate review while still pleading guilty by entering a conditional plea under Federal Rule of Criminal Procedure 11(a)(2). Conditional pleas must be made in writing, consented to by the prosecution, and approved by the district court. *See Olson*, 849 F.3d at 231; *Wise*, 179 F.3d at 186; Fed. R. Crim. P. 11(a)(2).

McClure concedes that his guilty plea did not meet the requirements of a conditional guilty plea set forth in Rule 11(a)(2), but he asserts that his noncompliance should be excused as per Rule 11(h). Our examination of the record shows that there is no valid basis for excusing McClure's noncompliance with Rule 11(a)(2) in this case. *See United States v. Lim*, 897 F.3d 673, 680 (5th Cir. 2018). Accordingly, McClure's guilty plea waived his ability to challenge the district court's denial of his suppression motion on appeal. *See Olson*, 849 F.3d at 231; *Wise*, 179 F.3d at 186. The Government's motion in the alternative for an extension of time to address McClure's underlying arguments as to this issue is DENIED.

No. 23-40516

We will not consider McClure's ineffective-assistance-of-counsel claim on direct appeal because the claim was not raised in the trial court and the record is not sufficient to permit a fair evaluation of the claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Accordingly, the district court's judgment is AFFIRMED.