**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BUDDY KENNY ROGERS,

    Defendant - Appellant.

No. 16-7052
(D.C. No. 6:15-CR-00072-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

    Buddy Kenny Rogers pled guilty to a one-count indictment charging a drug

conspiracy. The district court determined he qualified as a "career offender" under

§ 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines")

and imposed a prison term of 188 months. After filing a timely notice of appeal, Mr.

Rogers's counsel determined there are no non-frivolous issues to appeal and thus

filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738

(1967). Mr. Rogers filed a response to the *Anders* brief. Exercising jurisdiction

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), we find no non-frivolous issues and therefore grant counsel's motion to withdraw and dismiss this appeal.

## I. BACKGROUND

In November 2015, a federal grand jury in the Eastern District of Oklahoma charged Mr. Rogers with participating in a drug conspiracy in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) and § 846. On February 28, 2016, Mr. Rogers pled guilty without a plea agreement.

The United States Probation Office used the 2015 U.S.S.G. to prepare a presentence investigation report ("PSR"). The PSR concluded Mr. Rogers was a "career offender" under U.S.S.G. § 4B1.1 because he had previously been convicted in California state court of the following offenses:

- Possession of Marijuana for Sale

- Attempted Kidnapping

- Possession of a Controlled Substance for Sale

Based in part on the career-offender determination, the PSR concluded Mr. Rogers's advisory Guideline range was 188-235 months imprisonment. His counsel filed no objections to the PSR.

In June 2016, the district court held a sentencing hearing. Defense counsel reiterated he had no objection to the PSR, including its determination that Mr. Rogers qualified as a career offender, but he requested a downward variance from the Guideline range. Based on the offenses identified in the PSR, the district court concluded Mr. Rogers had two prior convictions for controlled substances offenses

- 2 -

and one conviction for a crime of violence and thus qualified as a career offender. The court denied the variance motion and imposed a prison sentence of 188 months, the lowest sentence within the Guideline range.

Defense counsel filed a timely notice of appeal followed by a motion to withdraw and an *Anders* brief asserting any appeal would be "wholly frivolous." *Anders* Br. at 4. Defense counsel identified "only [one] possible argument for reversal"—that the district court erred in concluding Mr. Rogers's past convictions qualified him as a career offender. *Id.* at 8. But counsel concluded "any argument that the convictions should not apply would be wholly frivolous." *Id.* at 9.

Counsel served the *Anders* brief on Mr. Rogers, and the Clerk's office advised Mr. Rogers he could respond. In his response, Mr. Rogers argues the district court erred in applying the career offender enhancement.[1]

The Government filed a brief agreeing with defense counsel that the career offender enhancement applied and that there are no non-frivolous appeal issues.[2]

We granted Mr. Rogers three extensions to file his optional reply brief and explained in our order granting the final extension that we would proceed to decide this matter without the benefit of his reply brief unless it was timely received. Mr.

---

[1] Because Mr. Rogers is proceeding pro se, we construe his arguments liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

[2] Along with its brief, the Government filed a motion to supplement the record with documents establishing Mr. Rogers's previous convictions. The Clerk's office granted that motion. *See* Fed. R. App. P. 10(e)(2).

Rogers has failed to submit a timely reply brief.  We deny his latest motion for another extension of time and proceed to decide this matter.

## II.  DISCUSSION

### A.  **Anders** *Brief*

*Anders* permits a defendant's attorney to "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).  In doing so, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record."  *Id.*  The defendant may "choose to submit arguments to the court."  *Id.*

We must "then proceed[], after a full examination of all the proceedings, to decide whether the case is wholly frivolous."  *Anders*, 386 U.S. at 744.  If there are no non-frivolous issues, we may grant counsel's motion to withdraw and dismiss the appeal.  *Calderon*, 428 F.3d at 930.

### B.  *Potential Appealable Issues*

#### 1.  **Career Offender Designation**

##### a.  *Standard of review*

"In considering the district court's application of the Guidelines, we review factual findings for clear error and legal determinations de novo.  Whether a defendant was erroneously classified as a career offender is a question of law subject to de novo review."  *United States v. Karam*, 496 F.3d 1157, 1166 (10th Cir. 2007) (alternations, citations, and quotations omitted).

As Mr. Rogers acknowledges, his challenge to the district court's career offender designation must be reviewed on appeal for plain error because he failed to raise any objections below. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (requiring plain-error review when the defendant "did not object to the procedure by which his sentence was determined and explained"). To establish plain error, an appellant must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mike*, 632 F.3d 686, 691-92 (10th Cir. 2011) (quotations omitted).

b. *Legal background*

The career offender provision in § 4B1.1 of the Guidelines recommends an enhanced sentence when "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B.1.1(a)(3).[3]

The version of the Guidelines used to calculate Mr. Rogers's sentence defined "a controlled substance offense" as follows:

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a

---

[3] The other triggers for the career offender provision—that the defendant was at least 18 at the time of the instant offense and that the instant offense is a felony and either a crime of violence or a controlled substance offense, *see* U.S.S.G. § 4B1.1(a)(1)-(2)—are not at issue here.

counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (2015).

When we apply this definition "[t]o determine whether a prior conviction qualifies as a predicate offense for purposes of a sentencing enhancement," we use a categorical approach that looks only "to the fact of conviction and the statutory definition of the prior offense." *Karam*, 496 F.3d at 1166 (quotations omitted). If the statute sweeps more broadly than the definition, then any conviction under that statute does not count as a predicate offense. *See United States v. Titties*, 852 F.3d 1257, 1265-66 (10th Cir. 2017). Under the categorical approach, we do not examine the facts underlying the defendant's conviction. *Id.* at 1266.

If the statute governing a defendant's prior conviction is divisible—that is, if the law "sets out one or more elements of the offense in the alternative"—we apply the modified categorical approach. *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). This approach authorizes sentencing courts to scrutinize a restricted set of materials[4] for "the limited purpose of identifying which of the statute's alternative elements formed the basis of the prior conviction," which in turn allows for application of the categorical approach to those elements. *Id.*; *see Descamps*, 133 S. Ct. at 2284-85; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005).

---

[4] The Supreme Court has said courts may consult, among other things, charging documents and plea agreements. *See Titties*, 852 F.3d at 1266 n.9 (citing *Johnson v. United States*, 559 U.S. 133, 144 (2010)).

- 6 -

c. *Application*

The district court did not plainly err in imposing an enhanced sentence under the Guidelines' career offender provision because Mr. Rogers's two California drug convictions qualify as "controlled substance offenses" under § 4B1.2(b). Consequently, we need not address whether his third conviction—for attempted kidnapping—would qualify as a "crime of violence." *See* U.S.S.G. § 4B1.1(a)(3) (providing the defendant must have "at least two" qualifying offenses to be a career offender).

First, Mr. Rogers was convicted of Possession of Marijuana for Sale in violation of California Health & Safety Code § 11359 (1998), which provided, "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison."

Convictions under this law categorically qualify as "controlled substance offenses" under the Guidelines because every conviction under § 11359 is "an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute." § 4B1.2(b); *see* 21 U.S.C. § 812, sched. I(c)(10) ("Marihuana").

Ninth Circuit case law supports this conclusion. In *United States v. Sandoval-Venegas*, 292 F.3d 1101 (9th Cir. 2002), the court held § 11359 "comfortably fits" the Guidelines' definition of a "controlled substance offense." *Id.* at 1107. The court explained, "California does not . . . criminalize the mere power to control the narcotic." *Id.* For a conviction under § 11359, "the defendant needs to either

(1) possess the specific intent to sell the controlled substance personally, or

(2) possess the specific intent that someone else will sell the controlled substance."

*Id.* (quoting *People v. Parra*, 82 Cal. Rptr. 2d 541, 544 (Cal. Ct. App. 1999)). Thus, "[t]he California statute fits this definition." *Id.* The Sixth Circuit reached the same conclusion. *See United States v. Apodaca*, 512 F. App'x 509, 514-15 (6th Cir. 2013) (unpublished).[5]

The district court's conclusion that Mr. Rogers's § 11359 conviction is a "controlled substance offense" under § 4B1.2(b) of the Guidelines was not plainly erroneous.

Second, Mr. Rogers was convicted of Possession of a Controlled Substance for Sale under California Health & Safety Code § 11378 (2006). That statute provided: "[E]very person who possesses for sale any controlled substance which is [included in a five-series list of cross-referenced California controlled substances] shall be punished by imprisonment in the state prison." Cal. Health & Safety Code § 11378. Again, the question is whether this statute is categorially a "controlled substance offense" under the Guidelines.

We agree with the Ninth Circuit that § 11378 is divisible. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 831 n.3 (9th Cir. 2014). A statute is divisible if it lists elements in the alternative, "and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). The Ninth Circuit concluded that

---

[5] We cite this decision, although unpublished and not precedential, for its persuasive value. *See* 10th Cir. R. 32.1(A).

§ 11378 is divisible because California state law treats the type of controlled substance as a "separate element in prosecuting relevant drug offenses." *Padilla-Martinez*, 770 F.3d at 831 n.3.[6]

When a statute is divisible, courts apply the modified categorical approach. As applied here, this means determining which crime within § 11378 Mr. Rogers was convicted of and whether that conviction qualifies as a controlled substances offense under the Guidelines. *See Titties*, 852 F.3d at 1266-67 (describing modified categorical approach). Courts may consult record documents from the defendant's

---

[6] The Ninth Circuit provided several reasons for its conclusion that § 11378 is divisible and therefore subject to the modified categorical approach:

> First, it is written in the disjunctive by listing five alternative categories of controlled substances. *See Quijada Coronado v. Holder*, 747 F.3d 662, 668–69 (9th Cir. 2014) (concluding that California Health & Safety Code § 11377(a), a statute substantially similar to § 11378, is divisible). Also, California state law treats the type of controlled substance as a separate element in prosecuting relevant drug offenses. *See, e.g.*, 2 Witkin & Epstein, Cal. Crim. Law (4th ed. 2012) § 102 ("a specified controlled substance" is an element common to all state drug crimes requiring proof of possession); CALCRIM 2302 (Judicial Council of California Criminal Jury Instruction for conviction under § 11378 requires the jury to fill in the blank where the controlled substance is to be identified); *People v. Montero*, 155 Cal.App.4th 1170, 66 Cal.Rptr.3d 668, 671 (2007) (adopting the CALCRIM jury instruction); *see also People v. Gerber*, 196 Cal.App.4th 368, 126 Cal.Rptr.3d 688, 704 (2011) (finding instructional error where jury instructions for conviction of a California drug crime did not require the jury to identify the type of controlled substance).

*Padilla-Martinez*, 770 F.3d at 831 n.3. This analysis is consistent with the Supreme Court's later decision in *Mathis*, which explained how courts must distinguish elements from means. *See Mathis*, 136 S. Ct. at 2249.

prior case "for the limited purpose of identifying which of the statute's alternative elements formed the basis of the prior conviction." *Id.* at 1266 & n.9.

Here, the criminal complaint in Mr. Rogers's § 11378 case reveals he was convicted of violating § 11378 by possessing methamphetamine. Supp. ROA. at 13.[7] Methamphetamine falls within California's controlled substance schedules. *See* Cal. Health & Safety Code § 11055(d)(2) (2006). Thus, Mr. Rogers's conviction under § 11378 was, more specifically, under § 11378(5) (criminalizing possession for sale of substances "specified in subdivision (d) . . . of Section 11055").

Methamphetamine is a controlled substance under federal law. *See* 21 U.S.C. § 812, scheds. II(c), III(a)(3); *see also United States v. Olson*, 849 F.3d 230, 232 (5th Cir. 2017) (holding methamphetamine-related violation of § 11378 "plainly qualifies" as a controlled substance offense under the Guidelines); *United States v. Sanchez-Garcia*, 642 F.3d 658, 662 (8th Cir. 2011) (considering a conviction under § 11378 and observing "[m]eth is a drug listed in the federal schedules").

Thus, Mr. Rogers's conviction for violating § 11378(5) is a "controlled substance offense" under U.S.S.G. § 4B1.2(b). The district court did not plainly err

---

[7] The Government has supplemented the record on appeal with the amended complaint filed in San Bernardino County Superior Court alleging that Mr. Rogers "unlawfully possess[ed] for purpose of sale a controlled substance, to wit, Methamphetamine." Supp. Rec. at 13. We may take judicial notice of the amended complaint. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

In addition, Mr. Rogers did not dispute the reference to his conviction for possession of methamphetamine for sale in the PSR.

in determining that Mr. Rogers's § 11378 conviction was a predicate offense for the purpose of applying the career offender sentence enhancement.

2. **Certification of Prior Convictions**

Mr. Rogers appears to argue in his pro se brief that the district court erred in imposing an enhanced sentence because it did not examine a "certificate of conviction" or consult "*Shepard* approved documents"[8] to establish the element of the state statute under which he was charged and convicted.  Response to *Anders* Br. at 9-11.  This argument would apply only to his § 11378 conviction because his other conviction under § 11359 did not call for examination of underlying documents under the modified categorical approach.[9]  Because he did not raise this objection in district court, we review for plain error.  *See Ruiz-Terrazas*, 477 F.3d at 1199.

Before applying the modified categorical approach, the sentencing court "must have access to court documents such as those approved of in [*Shepard*] that demonstrate the elements of the crime the defendant committed."  *United States v. Bennett*, 823 F.3d 1316, 1321 (10th Cir. 2016).  The district court did not apply the modified categorical approach in determining that Mr. Rogers's prior convictions qualified him as a career offender.  It relied solely on the PSR's recommendations and the parties' lack of objection to the career offender designation.

_____

[8] The Supreme Court's opinion in *Shepard*, 544 U.S. at 13, addressed what documents courts may consult in applying the modified categorical approach.

[9] And we have no need to consider his third conviction for attempted kidnapping.

If this was error, however, Mr. Rogers's appeal would not survive plain error review because he cannot show it affected his "substantial rights"—the third factor of plain error review. *See Mike*, 632 F.3d at 691. "Ordinarily, an error affects substantial rights only if it affected the outcome of the district court proceedings." *United States v. Herron*, 432 F.3d 1127, 1134 (10th Cir. 2005) (quotations omitted). To satisfy this factor, Mr. Rogers "must show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Clark*, 415 F.3d 1234, 1240 (10th Cir. 2005) (quotations omitted).

As we have shown using the modified categorical approach, Mr. Rogers's § 11378 conviction was a controlled substance offense. Mr. Rogers thus has the two predicate offenses qualifying him as a career offender regardless of any district court error. *See id.*[10] We can find no other non-frivolous arguments that would permit Mr. Rogers to show plain error.

3. **Sentence**

Defense counsel's *Anders* brief mentions the substantive reasonableness of Mr. Rogers's sentence and submits there is no basis for appeal on that ground. We agree. "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in

_____

[10] Because Mr. Rogers cannot carry his burden under the third factor of the plain error test, we need not reach the fourth factor. *See United States v. Serrano*, 406 F.3d 1208, 1220 (10th Cir. 2005). Even if we reached the fourth factor, we would find no non-frivolous argument that this case presents one of those "rare [instances] in which core notions of justice are offended." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 739 (10th Cir. 2005) (en banc).

18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007) (citing *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006)). A sentence is substantively unreasonable if it "exceed[s] the bounds of permissible choice, given the facts and the applicable law." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted). Because the district court correctly determined the Guideline range and sentenced Mr. Rogers within that range, "the sentence is entitled to a rebuttable presumption of reasonableness on appeal." *Kristl*, 437 F.3d at 1054. In an appeal, Mr. Rogers would bear the burden of rebutting that presumption "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* at 1055.

In his motion for a downward variance, Mr. Rogers offered several reasons in support of a below-Guidelines sentence, none of which provide a non-frivolous basis for appeal. Mr. Rogers argued his "strong network" of family and friends will help him avoid future criminal activity. ROA, Vol. I at 14. Although this is a legitimate consideration for a variance under § 3553(a), *see United States v. Muñoz-Nava*, 542 F.3d 1137, 1148 (10th Cir. 2008), the record is insufficient to show that Mr. Rogers's sentence at the bottom end of the Guidelines range was substantively unreasonable on this ground. He also argued a lengthy sentence would create disparity with his co-conspirators and impair his rehabilitation, but the record is insufficient to support this contention. *See United States v. Caldwell*, 219 F.3d 1186, 1195 (10th Cir. 2000). We can discern no other non-frivolous bases to support an appeal challenging the district court's sentence as substantively unreasonable.

## III. **CONCLUSION**

Neither Mr. Rogers nor his counsel identifies a non-frivolous issue for review on appeal, and our independent review of the record did not uncover one either. We therefore deny Mr. Rogers's motion for an extension, grant defense counsel's motion to withdraw, and dismiss this appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge