**UNITED STATES COURT OF APPEALS**

**TENINTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BUDDY KENNY ROGERS,

    Defendant - Appellant.

No. 22-7039
(D.C. Nos. 6:20-CV-00355-RAW
& 6:15-CR-00072-RAW-1)
(E. D. Okla.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

---

Buddy Rogers, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") so he can appeal the denial of his 28 U.S.C. § 2255

motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no appeal is allowed from a

"final order in a proceeding under section 2255" unless the movant first obtains a

COA). Most of the issues he raises in his COA application were not raised in his

§ 2255 motion and thus are not properly before this court. As for the issues that

---

[1]We construe Rogers' filings liberally because he is not represented by
counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935
F.2d 1106, 1110 (10th Cir. 1991). This court will not, however, act as a pro se
litigant's advocate. *Hall*, 935 F.2d at 1110.

were raised in the § 2255 motion, Rogers has not "made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Accordingly, we **deny** his request for a COA and **dismiss** this appeal.

In November 2015, Rogers pled guilty to conspiring to possess and to distribute methamphetamine and heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), and § 846. The United States Probation Office prepared a presentence investigation report ("PSR"), which calculated an advisory sentencing range of 188-235 months based in part on a career-offender enhancement under U.S.S.G. § 4B1.1.[2] In June 2016, following a sentencing hearing at which Rogers raised no objections to the PSR, the district court sentenced Rogers to 188 months of imprisonment. Defense counsel filed a notice of appeal, then submitted an *Anders* brief to inform this court that counsel had identified no non-frivolous issues to raise on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Rogers filed a response to the *Anders* brief, in which he argued that the district court erred in applying the § 4B1.1 enhancement. This court addressed Rogers's § 4B1.1 argument at length and concluded the enhancement was appropriately applied based on Rogers's prior California convictions for possession of

---

[2]"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

marijuana for sale and possession of a controlled substance for sale. *United States v. Rogers*, 696 F. App'x 878, 882–85 (10th Cir. 2017). Because § 4B1.1 requires only two qualifying convictions, this court did not decide whether the enhancement could also be sustained on the basis of Rogers's prior California conviction for attempted kidnapping. *Id.* at 882. Ultimately, this court granted defense counsel's motion to withdraw and dismissed the appeal. *Id.* at 885.

Rogers subsequently filed the instant § 2255 motion. In this motion, he contended he no longer qualified for a § 4B1.1 enhancement based on new legal developments that affected the attempted-kidnapping and marijuana convictions. Specifically, he argued that (1) attempted kidnapping could not be considered a crime of violence under the Supreme Court's intervening decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and (2) his marijuana conviction no longer qualified as a felony controlled-substance offense because a California court had reduced it to a misdemeanor in July 2017. The district court denied the § 2255 motion, and Rogers filed a notice of appeal and opening appellate brief.

Shortly thereafter, Rogers filed a "Motion For Clerical Corrections pursuant to Federal Rule Criminal Procedure Rule 36," in which he asked the district court to reduce his sentence or grant a new sentencing hearing because (1) the district court used stale convictions to enhance his sentence, and (2) defense counsel provided ineffective assistance by failing to object to the PSR. The district court construed this motion as an unauthorized second or

-3-

successive § 2255 motion and dismissed it for lack of jurisdiction.  Rogers did not

thereafter file an amended or second notice of appeal.

Rogers's combined opening brief and application for a COA includes

arguments from his § 2255 motion, arguments from his "Motion for Clerical

Corrections," and arguments he raises for the first time on appeal.  As an initial

matter, we conclude we lack jurisdiction to consider arguments raised in the

"Motion for Clerical Corrections" due to Rogers's failure to appeal the district

court's dismissal of that motion.[3]  *See Stouffer v. Reynolds*, 168 F.3d 1155, 1172

(10th Cir. 1999) (holding that where a habeas petitioner raised new arguments in

a Rule 60(b) motion after he had filed his notice of appeal, this court "lack[ed]

jurisdiction to consider" these arguments "absent his filing an amended notice of

appeal or second notice of appeal" to challenge the dismissal of the Rule 60(b)

motion).  And, following our "general rule that we do not address arguments

presented for the first time on appeal," *Davis v. Workman*, 695 F.3d 1060, 1077

(10th Cir. 2012), we decline to consider Rogers's newly-raised arguments that he

---

[3]Because Rogers filed his opening appellate brief before he filed his "Motion for Clerical Corrections," his stale-conviction and ineffective-assistance arguments are framed on appeal as substantive arguments for § 2255 relief rather than as challenges to the district court's dismissal of the "Motion for Clerical Corrections."  But even if these arguments are viewed as challenges to the original judgment rather than as objections to the district court's denial of the "Motion for Clerical Corrections," arguably providing this court with appellate jurisdiction over them, we nevertheless will not consider these arguments based on "the general rule that we do not address arguments presented for the first time on appeal."  *Davis v. Workman*, 695 F.3d 1060, 1077 (10th Cir. 2012).

is entitled to habeas relief because the district court incorrectly relied on the PSR's description of his prior offenses and inordinately delayed ruling on his habeas motion.[4]

The only arguments that are properly before this court are the arguments regarding the career-offender enhancement that Rogers first raised in his § 2255 motion. To be entitled to a COA on these arguments, Rogers must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).

Rogers contends his marijuana conviction no longer qualifies as a predicate offense under § 4B1.1 because a California court reduced it from a felony to a misdemeanor in July 2017, approximately thirteen months after he was sentenced

---

[4]We note that Rogers's argument regarding the district court's reliance on the PSR is also procedurally barred because he could have raised this issue on direct appeal but failed to do so. *See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). As for his inordinate-delay argument, the record reflects that the district court ruled on the § 2255 motion within two years after it was filed. This court has held that even a "seven-and-a-half-year delay in denying [a defendant's] § 2255 petition [i]s not a denial of due process sufficient to justify granting . . . habeas relief." *United States v. Dago*, 441 F.3d 1238, 1249 (10th Cir. 2006). Thus, even if we were to consider these newly-raised issues on appeal, Rogers has not shown that reasonable jurists would debate whether he is entitled to habeas relief on these grounds.

in this case.  Rogers does not explain how this argument makes "a substantial showing of the denial of a *constitutional* right."  28 U.S.C. § 2253(c)(2) (emphasis added); *see also United States v. McCoy*, 750 F. App'x 763, 765 (10th Cir. 2019) (unpublished disposition cited exclusively for its persuasive value) (denying COA to § 2255 movant who argued "that his California conviction for possession of marijuana for sale no longer qualifies as a predicate 'prior felony conviction' under U.S.S.G. § 4B1.1 because it is now a misdemeanor conviction" on the ground that this was "an issue of statutory interpretation" rather than a constitutional argument).  Moreover, Rogers does not dispute that when he was sentenced in this case his marijuana conviction qualified for the § 4B1.1 enhancement as a controlled-substance offense "punishable by imprisonment for a term exceeding one year."  U.S.S.G. § 4B1.2(b).  He argues that California's subsequent reduction of this offense to a misdemeanor retroactively changed this fact, but the question whether a controlled-substance offense is "punishable" by a certain term of imprisonment is a "backward-looking question" that requires courts "to consult the maximum sentence applicable to a defendant's previous drug offense *at the time of his conviction for that offense*."  *McNeill v. United States*, 563 U.S. 816, 820 (2011) (emphasis added).  The answer to that question remains unchanged.  Accordingly, reasonable jurists would not debate the habeas court's denial of Rogers's request for resentencing based on California's reclassification of his marijuana conviction.  *See United States v. Magana*, 850 F.

-6-

App'x 538, 539 (9th Cir. 2021) (unpublished disposition cited exclusively for its persuasive value) (holding that prior California marijuana conviction qualified as § 4B1.1 predicate offense because it was a felony offense at the time of conviction, even though California had reclassified it as a misdemeanor); *United States v. McGee*, 760 F. App'x 610, 616 (10th Cir. 2019) (unpublished disposition cited exclusively for its persuasive value) (rejecting defendant's challenge to 21 U.S.C. § 841(b)(1) sentencing enhancement based on subsequent reclassification of his California marijuana conviction; reasoning that when "a defendant committed a serious federal drug offense knowing that he had two prior felony drug convictions, . . . it does not violate due process to deny resentencing even if a state legislature later graciously decreased the penalty associated with a prior offense").

Because the § 4B1.1 enhancement requires only two predicate offenses, it can be sustained solely on the basis of the marijuana and methamphetamine convictions. We therefore need not address Rogers's argument that attempted kidnapping is not a qualifying crime of violence, as reasonable jurists would not debate the district court's ultimate denial of Rogers's challenge to the § 4B1.1 sentencing enhancement. *See Jackson v. State of Utah*, 782 F. App'x 690, 695 (10th Cir. 2019) (unpublished disposition cited exclusively for its persuasive value) ("In determining whether to grant a COA, we review the district court's *ultimate resolution* of a claim—that is, its decision to deny it. Thus, when

reasonable jurists could not disagree with the district court's denial of a claim, we will deny a COA even if they could disagree with particulars of the district court's analysis." (quotations, alterations, and citations omitted)).

We accordingly **DENY** Rogers's request for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge